UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00032-GNS-HBB

CHRISTINA LOUCKS et al.                                                                                              PLAINTIFFS

v.

AMERICAN SELECT INSURANCE COMPANY et al.                                              DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand (DN 12).  The motion is ripe for adjudication.  For the reasons stated below, the motion is **DENIED**.

**I.          BACKGROUND**

This action filed by Plaintiffs Christina Loucks ("Loucks"), Individually, as Administratrix of the State of Dalton Gilbert, and as New Friend to S.G. (a minor) and Robert Gilbert (collectively "Plaintiffs") arises from an under insured motorist coverage dispute filed in Adair Circuit Court (Kentucky).  (Compl., DN 1-1).  Loucks purchased an auto insurance policy issued by Defendant American Select Insurance Company d/b/a Westfield Services, Inc. ("Westfield") through Defendant Jessie Insurance Lebanon, LLC ("Jesse Insurance Agency"). (Compl. ¶ 26).  After Westfield refused to pay Plaintiffs' claim for underinsured motorist ("UIM") benefits arising from a motor vehicle collision, Plaintiffs filed this action.  In the Complaint, Plaintiffs assert a breach of contract claim against Westfield arising out of its failure to pay UIM benefits allegedly owed to Plaintiffs.  (Compl. ¶¶ 6-8).  As to Jesse Insurance

Agency, Plaintiffs alleged it was negligent in failing to provide UIM coverage when writing and binding Plaintiffs' policy. (Compl. ¶¶ 20-31).[1]

Westfield subsequently removed the action to federal court. (Notice Removal, DN 1). In the present motion, Plaintiffs move to remand this matter to state court. (Pls.' Mot. Remand, DN 12).

## II.     STANDARD OF REVIEW

"A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally." *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (citing 28 U.S.C. § 1441(a)). The removing party bears the burden of establishing that removal is proper. *See Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)). "[R]emoval statutes are to be strictly construed, and 'all doubts should be resolved against removal.'" *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden*, 496 F.3d at 581).

## III.     DISCUSSION

In their motion, Plaintiffs challenge Westfield's removal of this matter based upon diversity of citizenship and the fraudulent joinder of Jesse Insurance Agency. (Pls.' Mot. Remand 4-6). Because Westfield removed this matter based on 28 U.S.C. § 1332, there must be complete diversity between Plaintiffs and Defendants unless—as Westfield contends—Jesse Insurance Agency was fraudulently joined. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[T]his Court has recognized that fraudulent joinder of non-diverse defendants

---

[1] The Complaint asserts two counts, and it skips from Paragraph 8 to 20, omitting Paragraphs 9-19.

2

will not defeat removal on diversity grounds." (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994))).

As alleged in the Complaint, Plaintiffs are citizens of Kentucky, Westfield has its principal place of business in Ohio, and Jesse Insurance Agency has its principal place of business in Kentucky. (Compl. ¶¶ 1-3). Because Jesse Insurance Agency is a limited liability company ("LLC"), however, the allegation in the Complaint is insufficient to address whether complete diversity exists. For an LLC, its citizenship is not based on its principal place of business; rather, [a] "limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732-33 (6th Cir. 2002)). Other than the name and address of the LLC's registered agent, Plaintiffs do not provide any information about the identity of the LLC's members and their citizenship.

Nevertheless, the uncertain citizenship of the LLC's members is irrelevant if the Court disregards their citizenship because of fraudulent joiner. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011) (quoting *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to our determination regarding fraudulent joinder.'" *Id*. (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d at 949). "Therefore the question is

3

whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (citation omitted); *see also Walker*, 443 F. App'x at 952. In making this determination, the Sixth Circuit recognizes that the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a plaintiff's complaint has misstated or omitted "*discrete and undisputed facts*" that would determine the propriety of joinder. *Walker*, 443 F. App'x at 953 (citation omitted). As the Sixth Circuit has further noted:

> [A]lthough the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may . . . "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor*. The burden of persuasion on those who claim fraudulent joinder is a heavy one.

*Id*. (quoting *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)).

In analyzing whether Jesse Insurance Agency was fraudulently joined, the Court must determine whether Plaintiffs have at least had a colorable claim against Jesse Insurance Agency under Kentucky law. *See Jerome-Duncan*, 176 F.3d at 907 (citing *Alexander*, 13 F.3d at 949). As sister court has explained:

> In Kentucky, insurance agents may be held liable for failure "to provide the requested coverage, which result[s] in the uninsured loss." *Grisby v. Mountain Valley Ins. Agency, Inc.*, 795 S.W.2d 372, 375 (Ky. 1990). As a "general rule," an insurance agent "'who has wrongfully failed to provide insurance coverage according to his agreement is, in case of loss, liable to the insured for the amount which the insured would have received from the insurer had the coverage been placed.'" *J.P. Morgan Chase Bank, N.A. v. Acordia, Inc.*, No. 04-143, 2006 WL 8445400, at *2 (E.D. Ky. Oct. 4, 2006) (quoting *Conestoga Chem. Corp. v. F.H. Simonton, Inc.*, 269 A.2d 237, 239 (Del. 1970)). This necessarily means that to assert a cause of action against an insurance agent, . . . there must be an actual

4

loss under the procured policy. *See Great Am. Ins. Cos. v. Potter*, No. 4:04-CV-112, 2008 WL 11452487, at *3 (E.D. Tenn. Feb. 12, 2008) (holding that a third-party claim against an insurance agent for failing to obtain requested insurance coverage "becomes an issue only if the Court determines that" the insurer "has no duty to defend or indemnify [the parties]"). This is illustrated by a number of Kentucky cases where the insurance carrier is sued first, followed by a suit against the insurance agent, if the agent failed to procure proper coverage.

*James Hamilton Props, LLC v. Great Midwest Ins. Co.*, No. 21-95-DLB, 2022 WL 1275636, at *3 (E.D. Ky. Apr. 28, 2022) (citing *Plaza Bottle Shop, Inc. v. Al Torstrick Ins. Agency, Inc.*, 712 S.W.2d 349, 349-50 (Ky. App. 1986); *W. Ky. Mach. Shop, Inc. v. Valiant Ins. Co.*, No. 2004-CA-000679-MR, 2005 WL 1415548, at *1 (Ky. App. June 17, 2005)). Thus, a claim against an insurance agent is not ripe until there has been a judicial determination as to whether there is coverage under the relevant policy.

In this case, Plaintiffs have filed this action against an insurer—Westfield—and an insurance agency—Jesse Insurance Agency. Because Plaintiffs' claim against Jesse Insurance Agency is contingent upon a determination that Plaintiffs did not have coverage under the Westfield policy for their loss, Plaintiffs' claim against Jesse Insurance Agency is not ripe and must be dismissed. *See James Hamilton Props.*, 2022 WL 1275636, at *3; *see also Dishon v. Moore*, No. 6:22-CV-108-REW-HAI, 2022 WL 17812849, at *3 (E.D. Ky. Oct. 6, 2022) (relying on *James Hamilton Properties* and recommending the dismissal of a claim against an insurance agent as not being ripe under the coverage issue is resolved). Accordingly, Plaintiffs' motion is denied, and the Court will dismiss their claim against Jesse Insurance Agency because it is not ripe. *See James Hamilton Props.*, 2022 WL 1275636, at *3-4.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (DN 12) is **DENIED**, and Plaintiffs' claim against Defendant Jessie Insurance Lebanon, LLC is **DISMISSED WITHOUT PREJUDICE** due to lack of ripeness.

Greg N. Stivers, Chief Judge
United States District Court

August 14, 2023

cc: counsel of record